**DES MOINES POLICE BARGAINING
UNIT ASSOCIATION,
Petitioner–Appellant,**

v.

**PUBLIC EMPLOYMENT RELATIONS
BOARD, Respondent–Appellee,**

and

**City of Des Moines, Iowa,
Intervenor–Appellee.**

**No. 87–334.**

Court of Appeals of Iowa.

March 9, 1988.

Phillip Vonderhaar and Arthur C. Hedberg, Jr., Des Moines, for petitioner-appellant.

M. Sue Warner, Des Moines, for respondent-appellee.

Nelda Barrow Mickle, Des Moines, for intervenor-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The appellant public employee organization appeals a district court decision affirming a declaratory ruling by the Public Employment Relations Board (PERB) that an insurance provision for retirees could not be part of a collective bargaining agreement under Iowa Code section 20.9. The appellant claims that it was a reversible error of law by the district court to conclude that the insurance for retirees contract provision is an illegal subject of bargaining under section 20.9.

In 1982 the City of Des Moines filed a petition for a declaratory judgment in district court that a provision of the collective bargaining agreement between it and the Des Moines Police Bargaining Unit Association (DMPBUA) involving insurance for retirees was a subject that should be legally excluded from bargaining under Iowa Code section 20.9. The district court ruled that the provision was not a mandatory subject of bargaining. On appeal, the Iowa Supreme Court held that the City had not exhausted its administrative remedies and so the district court did not have subject matter jurisdiction.

In 1985 the City filed a petition with the PERB for a declaratory ruling. The petition raised the same legal issue presented in the earlier case. The DMPBUA intervened and filed a petition for a declaratory ruling. These petitions were consolidated. The PERB found that the insurance for retirees provision should be excluded from bargaining as a matter of law. The DMPBUA filed a petition for judicial review and the district court affirmed the PERB ruling. This appeal followed. Our scope of review is for the correction of errors at law. *Cerro Gordo County v. Pub. Employment Relations Bd.*, 395 N.W.2d 672, 675 (Iowa App.1986). We affirm.

The issue in this case is whether a provision in a collective bargaining agreement providing insurance for retirees is an illegal subject of bargaining under Iowa Code section 20.9 (1985). Section 20.9 provides, in relevant part, that "[a]ll retirement systems shall be excluded from the

scope of negotiations." The Iowa Supreme Court, in *City of Mason City v. Pub. Employment Relations Bd.*, 316 N.W.2d 851 (Iowa 1982), addressed what constituted a "retirement system" legally excluded as a subject of bargaining. The court stated:

> We find that the legislative intent underlying the last sentence of section 20.9 was to exclude from negotiations under chapter 20 any proposal that directly augments or supplements the benefits a public employee would receive under a retirement system under other provisions of the Code.

*Id.* at 854.

In the instant case, the provision at issue was as follows:

> For each employee who elects to purchase, through the Trust Fund established by the Union, retirees group insurance between the ages of 55 and 65, the City will contribute 50% of the monthly premium up to a maximum of $7.50 per month.

The DMPBUA contends that this provision and the provision considered by the supreme court in *City of Mason City* to be a "retirement system" are distinguishable and therefore, the provision in this case should not be excluded from bargaining. The Des Moines provision, the DMPBUA argues, requires Des Moines to match payments only while a working employee is also making monthly payments; in contrast, Mason City's obligation to pay began when the worker retired.

After reviewing the provision at issue here in light of the supreme court's holding in *City of Mason City*, we conclude that the district court correctly affirmed the PERB determination that the provision concerning "insurance for retirees" is an illegal subject of bargaining pursuant to the language in section 20.9 of the Iowa Code excluding "all retirement systems" from the scope of collective bargaining. We do not find the differences between the provision at issue here and the provision excluded from bargaining in *City of Mason City* to be legally significant. In each, the underlying purpose of the clause is to make benefits available to employees for their retirement. The provision at issue in this case clearly meets the *City of Mason City* test for exclusion from bargaining. Although the benefits provided by the City to employees under the terms of the provision only accumulate while the employee is working, the proposal nevertheless "augments or supplements" the benefits the DMPBUA members would receive under the retirement system provided by chapter 411 of the Iowa Code. Therefore, we hold that the provision regarding "insurance for retirees" is a retirement system and shall be excluded from the scope of bargaining between the parties.

AFFIRMED.